44 So.3d 1204 (2010)
K.J.F., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 1D10-1539.
District Court of Appeal of Florida, First District.
September 30, 2010.
*1205 Cory S. Simmons and Robert Shafer of Robert Shafer & Associates, Jacksonville, for Appellant.
Bill McCollum, Attorney General, and Jennifer J. Moore, Assistant Attorney General, Tallahassee, for Appellee.
LEWIS, J.
K.J.F., a child, appeals a final disposition entered after he pled guilty to the following offenses: sexual battery, in violation of section 794.011(2)(b), Florida Statutes (2008); lewd or lascivious molestation, in violation of section 800.04(5)(c)1, Florida Statutes (2008); lewd or lascivious exhibition, in violation of section 800.04(7)(c), Florida Statutes (2008); and false imprisonment, in violation of section 787.02(1)(b), Florida Statutes (2008). The trial court withheld adjudication of delinquency, placed K.J.F. on probation, and ordered K.J.F. to register as a sexual offender. K.J.F. raises two issues for our consideration, only one of which merits discussion. Specifically, K.J.F. argues that the trial court erred in requiring him to register as a sexual offender because he does not meet the statutory criteria for qualification as a sexual offender. We agree. Accordingly, we reverse and remand with instructions for the trial court to eliminate the requirement for K.J.F. to register as a sexual offender. This disposition renders Appellant's second issue on appeal moot.
K.J.F. was fifteen years old when he committed the offenses at issue, and the victim was six years old. Nevertheless, for a variety of reasons, including a psychologist's opinion that K.J.F. was at a low risk for reoffending, the Department of Juvenile Justice ("the Department") recommended that K.J.F. be placed on probation. The trial court followed the Department's recommendation of probation and decided to withhold adjudication of delinquency, agreeing with K.J.F.'s attorney that the system could "fix this child." Although the court expressed some reservations about the proper interpretation of the statute requiring certain juveniles to register as sexual offenders, it ultimately ordered K.J.F. to register.
*1206 The dispositive issue on appeal is whether the trial court erred in concluding that sections 985.4815 and 943.0435, Florida Statutes (2008), require a juvenile to register as a sexual offender where the juvenile has committed a qualifying offense but adjudication of delinquency has been withheld. Because this issue is one of statutory interpretation, the standard of review is de novo. E.A.R. v. State, 4 So.3d 614, 629 (Fla.2009).
Legislative intent is the polestar of statutory interpretation. Id. at 629. To discern legislative intent, courts look primarily to the plain language of the statute at issue. Id. If the language is unambiguous, courts ordinarily need to look no further. Id. However, the Florida Supreme Court has issued the following caveat concerning the plain language doctrine:
[I]f a part of a statute appears to have a clear meaning if considered alone but when given that meaning is inconsistent with other parts of the same statute or others in pari materia, the Court will examine the entire act and those in pari materia in order to ascertain the overall legislative intent.
Id. (citations omitted).
Based on these principles, we will first consider the plain language of the statute requiring juvenile sexual offender registration to determine whether it is ambiguous. After determining that the relevant statute unambiguously does not require juveniles to register as sex offenders when adjudication of delinquency is withheld, we will consider whether this interpretation is consistent with the other relevant statutes. Although the State argues that it is not, we disagree.

The Plain Language of Sections 985.4815 and 943.0435
Section 985.4815(4) requires "[a] sexual offender ... who is under the supervision of the department but who is not committed" to "register with the department within 3 business days after adjudication and disposition for a registrable offense and otherwise provide information as required by this subsection." Under section 985.4815(1)(d), "[s]exual offender" is defined in relevant part as "a person who is in the care or custody or under the jurisdiction or supervision of the department or is in the custody of a private correctional facility and who ... [h]as been adjudicated delinquent as provided in s. 943.0435(1)(a)1.d." Thus, for the purposes of the reporting requirements, a juvenile is considered a "sexual offender" when the juvenile meets the following criteria:
On or after July 1, 2007, [he or she] has been adjudicated delinquent for committing, or attempting, soliciting, or conspiring to commit, any of the criminal offenses proscribed in the following statutes in this state or similar offenses in another jurisdiction when the juvenile was 14 years of age or older at the time of the offense:
(I) Section 794.011, excluding s. 794.011(10);
(II) Section 800.04(4)(b) where the victim is under 12 years of age or where the court finds sexual activity by the use of force or coercion;
(III) Section 800.04(5)(c)1. where the court finds molestation involving unclothed genitals; or
(IV) Section 800.04(5)(d) where the court finds the use of force or coercion and unclothed genitals.
§ 943.0435(1)(a)1.d.
Section 985.4815 also defines the term "conviction" by reference to section 943.0435, which addresses reporting requirements for both adults and juveniles. § 985.4815(1)(b). Although the term "conviction" is not used in section 985.4815 other than in the provision setting forth *1207 the definition, the term "convicted" is used. Section 943.0435(1)(b) provides that definition as follows:
"Convicted" means that there has been a determination of guilt as a result of a trial or the entry of a plea of guilty or nolo contendere, regardless of whether adjudication is withheld, and includes an adjudication of delinquency of a juvenile as specified in this section.
The term "convicted" is used in section 985.4815 only to provide certain instructions to "[t]he clerk of the court that adjudicated and entered a disposition regarding the sexual offender for the offense or offenses for which he or she was convicted." § 985.4815(2) (emphasis added).
The Florida Supreme Court's opinion in State v. J.M., 824 So.2d 105 (Fla.2002), provides guidance for how to interpret the plain language of these provisions. In J.M., the court considered whether The Florida Sexual Predator Act, section 775.21, Florida Statutes (2000), permitted classification of juveniles as sexual predators. 824 So.2d at 108. The juvenile J.M. had been adjudicated delinquent for violating a provision of law that would indisputably require him to register as a sexual predator if he were an adult. Id. at 108 n. 4. The Florida Sexual Predator Act ("the Predator Act") provided that "upon conviction, an offender shall be designated as a `sexual predator' ... if ... [t]he felony is [a] capital, life, or first-degree felony violating of ... chapter 794." Id. (quoting § 775.21(4)(a), Fla. Stat. (2000)) (emphasis added in J.M.). The Predator Act defined "conviction" as "a determination of guilt which is the result of a trial or the entry of a plea of guilty or nolo contendere, regardless of whether adjudication is withheld." J.M., 824 So.2d at 108 (quoting § 775.21(2)(c)). The J.M. court noted that "[a]djudications of delinquency are simply not included within this statutory provision." 824 So.2d at 110. As a result, the court concluded that a "plain reading" of the statute indicated that "an adjudication of delinquency does not trigger the sexual predator status provisions of the Predator Act." Id.
Here, as in J.M., the key language is simply not included in the relevant provisions. Neither section 985.4815 nor section 943.0435 refers specifically to a withhold of adjudication of delinquency. The specific definition of "sexual offender" applicable to juveniles under both provisions contains no mention of a withhold of adjudication in any context. It states only that a sexual offender is a person who has been "adjudicated delinquent" for certain enumerated acts. See § 943.0435(1)(a)1.d. Thus, the Legislature did not envision a withhold of adjudication as a conviction or as a basis for designating a juvenile a sexual offender.
The State nevertheless argues that the definition of "convicted" shows the Legislature's intent to require juveniles to register as sexual offenders when adjudication has been withheld for qualifying offenses. This argument is misguided because the term "convicted" is not used in the relevant definition of "sexual offender." As the term relates to juveniles, it is only used in the provision giving instructions to the clerk for providing notification to the Department and the Florida Department of Law Enforcement concerning sexual offenders, and even in that context, the language refers to adjudication. See § 985.4815(2) (giving instructions to the clerk of the court that "adjudicated and entered a disposition regarding the sexual offender for the offense or offenses for which he or she was convicted"). Furthermore, the structure of the definition of "convicted" itself indicates the Legislature's intent not to require juveniles to register as sexual offenders when adjudication *1208 of delinquency has been withheld. To illustrate this point, the definition of "convicted" bears repeating:
"Convicted" means that there has been a determination of guilt as a result of a trial or the entry of a plea of guilty or nolo contendere, regardless of whether adjudication is withheld, and includes an adjudication of delinquency of a juvenile as specified in this section.
§ 943.0435(1)(b). This definition sets forth two categories of convictions: (1) "a determination of guilt as a result of a trial or the entry of a plea of guilty or nolo contendere, regardless of whether adjudication is withheld"; and (2) "an adjudication of delinquency of a juvenile as specified in this section." If the Legislature had intended for a withheld adjudication of delinquency to be considered a conviction for the purposes of sexual offender registration, it would have either placed the phrase beginning "and includes an adjudication of delinquency" before stating "regardless of whether adjudication is withheld" or simply placed the phrase "regardless of whether adjudication is withheld" at the end of the entire definition. Instead, the Legislature separated the language concerning "adjudication of delinquency" from the remainder of the definition.
Because neither the definition of "convicted" nor the remainder of sections 985.4815 and 943.0435 state that an offense for which an adjudication of delinquency has been withheld may qualify a juvenile as a sexual offender, we hold that registration is not required under such circumstances.

In Pari Materia
Because the State has suggested that this plain-language interpretation is inconsistent with other relevant statutes, we have also considered section 985.4815 in pari materia with the remainder of chapter 985 and section 943.0435. As the Florida Supreme Court explained in E.A.R. v. State, "[t]he doctrine of in pari materia... requires that statutes relating to the same subject or object be construed together to harmonize the statutes and to give effect to the Legislature's intent." 4 So.3d at 629 (quoting Fla. Dep't of State v. Martin, 916 So.2d 763, 768 (Fla.2005)). This inquiry requires courts to consider the relevant legislation "as a whole, including the evil to be corrected, the language, title, and history of its enactment, and the state of law already in existence." Id. (citations omitted).
The State's position is that the language "regardless of whether adjudication is withheld" in section 943.0435(1)(b) indicates that a withhold of adjudication, whether in juvenile or adult court, must always be a conviction under the sexual offender registration statutes. This interpretation is not required by the language. Additionally, a comparison of the 2006 version of section 943.0435(1)(b) with the current language, which was added in 2007, further illustrates our point that the language concerning withheld adjudications does not apply to adjudications of delinquency. In 2006, section 943.0435(1)(b) provided that "[c]onvicted" meant that "there has been a determination of guilt as a result of a trial or the entry of a plea of guilty or nolo contendere, regardless of whether adjudication is withheld." The statute also did not include juveniles in the definition of sexual offenders. See § 943.0435, Fla. Stat. (2006). Clearly, when the phrase "regardless of whether adjudication is withheld" was originally inserted, it applied only to determinations of guilt in adult proceedings.
In 2007, the Legislature expanded the definitions of both "sexual offender" and "convicted" in section 943.0435 so that certain juvenile offenders would be required to register as sexual offenders. Ch. 2007-209, *1209 Laws of Fla. In expanding the definition of "convicted," the Legislature simply added adjudications of delinquency as a category additional to the pre-existing language pertaining to determinations of guilt in adult trials. Therefore, the existence of the phrase "regardless of whether adjudication is withheld" in connection with the portion of the definition pertaining to adults does not mean that the Legislature intended for this same language to apply to juveniles.
The State's position that such language was clearly intended to apply to juveniles also ignores the principle noted in E.A.R. that "Florida's treatment of juvenile delinquency is largely sui generis." See 4 So.3d at 617. Based on this concept, the J.M. court opined that "a juvenile delinquency will not give rise to the same consequences as an adult conviction unless the Legislature has expressly stated otherwise." 824 So.2d at 114. This same principle applies in the context of a withhold of adjudication so that a withhold of adjudication of delinquency does not necessarily give rise to the same consequences as a withhold of adjudication of guilt in an adult case. Regardless of whether an adjudication or a withhold of adjudication is at issue, the purposes and procedures of the juvenile justice system are still different from those of the adult criminal justice system.
In section 985.481(2), the Legislature expressed its intent with regard to juveniles who commit sexual offenses as follows:
The Legislature finds that certain juvenile sexual offenders pose a high risk of engaging in sexual offenses even after being released from commitment and that protection of the public from sexual offenders is a paramount governmental interest. Sexual offenders have a reduced expectation of privacy because of the public's interest in public safety and in the effective operation of government. Releasing sexual offender information to law enforcement agencies, to persons who request such information, and to the public by a law enforcement agency or public agency will further the governmental interests of public safety.
Section 985.481 goes on to set forth notification requirements for sexual offenders, as that term is defined in section 943.0435(1)(a)1.d., thus indicating that the offenders who meet this definition are the types of offenders who "pose a high risk of engaging in sexual offenses even after being released from commitment" such that measures must be taken to protect the public from them.
The Legislature has generally recognized that not all juveniles who commit delinquent acts pose a high risk of reoffending and that whether a particular juvenile poses such a risk should generally be made on a case-by-case basis and should affect that juvenile's treatment in the juvenile justice system. See E.A.R., 4 So.3d at 631-32 (noting the Legislature's intent "for the [Department] and the juvenile courts to work in concert to provide juvenile offenders with dispositions that adequately and individually address their particular needs and risk levels"). This recognition is evident in section 985.433(6), which provides that the first determination to be made at a disposition hearing is "the suitability or nonsuitability for adjudication and commitment of the child to the department" and then sets forth criteria to be considered in connection with the Department's recommendation on this issue. One of the criteria is "[w]hether the protection of the community requires adjudication and commitment." § 985.433(6)(b), Fla. Stat. (2008). Thus, a trial court's decision concerning whether to adjudicate a child delinquent results, in part, from an assessment of the child's risk of reoffending. *1210 Our plain-language interpretation of the definition of "sexual offender" as excluding juveniles for whom adjudication is withheld is, therefore, consistent with the Legislature's intent to include only those juveniles who pose a high risk of reoffending in the category of children labeled as "sexual offenders." See § 985.475(2).
Other provisions of chapter 985 provide further support for the plain-language interpretation by illustrating that the Legislature expressly indicates its intent to treat adjudications of delinquency and withholds of adjudication equivalently when it has such an intent. In many provisions, the Legislature lists "adjudication or adjudication withheld" or similar language to show equivalent treatment of the two outcomes. See, e.g., § 985.039(12)(a), Fla. Stat. (2008) (providing that a parent shall not be liable for certain fees unless "the child is adjudicated delinquent, or has adjudication of delinquency withheld, for the offense that gave rise to the supervision or care"); § 985.047(2)(b) ("The department shall notify the sheriffs of both the prior county of residence and the new county of residence immediately upon learning of the move or other relocation of a juvenile offender who has been adjudicated or had adjudication withheld for a violent misdemeanor or violent felony."); § 985.11(1)(c) ("The court shall be responsible for the fingerprinting or any child at the disposition hearing if the child has been adjudicated or had adjudication withheld for any felony in the case currently before the court."); § 985.16(2)(c) ("A child who has been the subject of at least one prior adjudication or adjudication withheld for any first or second degree felony offense, any third degree felony offense involving personal violence, grand theft auto, or the use of a weapon, or any other offense not eligible for arbitration, shall not be eligible for resolution of any current offense through community arbitration."); § 985.494 (providing specific commitment programs for "a child who is adjudicated delinquent, or for whom adjudication is withheld, for an act that would be a felony if committed by an adult"); § 985.513(2) (authorizing courts to require parents to participate in counseling "[n]otwithstanding whether adjudication is imposed or withheld"). Based on these provisions, it is clear that the Legislature knows how to state explicitly when it intends for a withhold of adjudication of delinquency to be treated equivalently with an adjudication.
Most notably, in section 985.475, the Legislature provided for a treatment plan for "juvenile sexual offenders," which encompass a broader set of offenders. Under this section, a "juvenile sexual offender" is defined as follows:
(a) A juvenile who has been found by the court under s. 985.35 to have committed a violation of chapter 794, chapter 796, chapter 800, s. 827.071, or s. 847.0133;
(b) A juvenile found to have committed any felony violation of law or delinquent act involving juvenile sexual abuse. "Juvenile sexual abuse" means any sexual behavior that occurs without consent, without equality, or as a result of coercion....
§ 985.475(1). Unlike section 943.0435(1)(a)1.d., this provision does not require an adjudication of delinquency for a juvenile to be considered a "juvenile sexual offender," as opposed to a "sexual offender." The only requirement is for the juvenile to be "found to have committed" certain acts. See § 985.475(1). Such a finding occurs regardless of whether adjudication is imposed or withheld. See § 985.35(4)-(5) (indicating that a court may either withhold adjudication or impose adjudication *1211 after finding that the child has committed a delinquent act).
Based on our review of section 943.0435 and chapter 985, we conclude that our plain-language interpretation of the definitions of "sexual offender" and "convicted" as those terms are used in section 943.0435 is supported by a reading of those definitions in pari materia with all relevant statutes. Because the statute requiring juveniles to register as sexual offenders does not apply to juveniles for whom adjudication of delinquency is withheld, the trial court should not have required K.J.F. to register as such. For this reason, we reverse and remand for elimination of that requirement.
REVERSED and REMANDED with instructions.
KAHN and CLARK, JJ., concur.